*In the Matter of the Petition of* JAMES GOSNELL, *for a Writ of Habeas Corpus.*

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court September 24, 1885, by *James Gosnell* against *Conway Marshall*, as sheriff of Anderson county. The material facts are stated in the opinion herein, filed at the November, 1885, session of the court.

*John G. Lindsay,* for petitioner; *E. C. Hall,* of counsel.

*A. J. Smith,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: On March 30, 1885, a complaint was filed before a justice of the peace of Anderson county, charging James Gosnell with unlawfully selling, on March 4, 1885, in that county, intoxicating liquors in violation of the pro-

hibitory liquor law of 1881. A trial was had, and the justice found the petitioner guilty, and that the offense alleged in the complaint was committed by him on March 4, 1885. The petitioner then appealed to the district court. Trial had at the September term, 1885, before the court with a jury. The jury found that the petitioner was guilty of selling intoxicating liquors on March 4, 1885. A motion in arrest of judgment was filed by the petitioner, which was overruled. Judgment was entered upon the verdict, and the petitioner was sentenced to be confined in the jail of Anderson county for a period of thirty days, and also to pay the costs of the prosecution, taxed at $89.30, and to be committed to the jail of said county until the costs were paid.

The prohibitory law of 1885 (ch. 149, Laws of 1885) took effect on March 10, 1885, before the date of the filing of the complaint against the petitioner, and after the date that the petitioner had sold intoxicating liquors. When the legislature amended the prohibitory liquor law of 1881, it repealed that law in all things which it did not expressly save; and in the law of 1885 only pending suits for the violation of the old law were saved. This prosecution was not pending when the law of 1885 went into force and effect.

Within the authority of the *State v. Showers*, just decided, the petitioner must be released.

All the Justices concurring.